## Bader, Appellant, *v.* Philadelphia.

*Municipalities—School district—City of Philadelphia—Trespass—
Appropriation of strip of land.*

1. No action will lie against the city of Philadelphia for entering
upon a strip of ground belonging to a citizen and in his quiet possession,
and erecting thereon a public school building. In such a case the ac-
tion, if any, lies against the board of public education.

2. The city of Philadelphia takes title to all real property designed
for school purposes, but it holds such title only as a dry trustee. This
doctrine is recognized by the legislation on this subject, and partic-
ularly by the Act of April 22, 1905, P. L. 267.

Argued Oct. 7, 1910. Appeal, No. 40, Oct. T., 1910, by
plaintiff, from judgment of C. P. No. 1, Phila. Co.,
March T., 1907, No. 2,799, for defendant non obstante
veredicto in case of Daniel S. Bader v. City of Phila-
delphia. Before RICE, P. J., HENDERSON, MORRISON,
ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Trespass for taking land at Fifty-eighth street and Wil-
low's avenue in the city of Philadelphia. Before BRÉGY, J.

The facts are stated in the opinion of the Superior
Court.

204, (1911).]   Assignment of Error—Opinion of the Court.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Frederick J. Knaus*, with him *James P. Fogarty*, for appellant.—The city of Philadelphia was the proper party defendant: Mayer's App., 73 Pa. 164.

The plaintiff, not being entitled to have a restoration of his taken premises, either by action in ejectment or by bill in equity, his only remedy was by action in trespass, so framing his verdict that it was in effect a decree in equity. And for this procedure he found ample authority in Hauberger v. Root, 5 Pa. 108.

*Thomas D. Finletter*, assistant city solicitor, with him *J. Howard Gendell*, city solicitor, for appellee.—The case is ruled by Rosenblit v. Phila., 28 Pa. Superior Ct. 587; Board of Public Education of First Sch. Dist. of Pa. v. Ransley, 209 Pa. 51.

OPINION BY HEAD, J., March 3, 1911:

In this common-law action of trespass the plaintiff rests his right to recover upon the allegation in his statement of claim "that on or about the 2d day of November A. D. 1905 (the defendant city) with force and arms entered upon" a certain strip of ground belonging to the plaintiff "while the plaintiff was enjoying quiet possession of the same and erected a certain public school building and sidewalk on a part or portion of the said lot or piece of ground." The evidence to support this allegation was brief and undisputed and disclosed the following facts: In November, 1904, there was conveyed to the city a lot of ground on the southeast corner of Fifty-eighth street and Willows avenue. Fifty-eighth street was an open public street running nearly north and south. Willows avenue was, at the time said conveyance was made, a plotted street on the said plan running east and west but had never been opened. The plaintiff contends that under the terms of said conveyance the city's title extended

no farther than the southern line of said Willows avenue, the title to the bed of said avenue remaining in the city's grantor, which title subsequently became vested in the plaintiff. There is not only an entire absence of evidence that the municipality had any connection whatever with the alleged act of trespass complained of, but it clearly appears in the record, by an admission or stipulation to that effect, that the board of education of the city of Philadelphia built the schoolhouse and put down the pavement, or, in other words, committed the tort which is the foundation of the action.

In Board of Public Education v. Ransley, 209 Pa. 51, and Rosenblit v. Philadelphia, 28 Pa. Superior Ct. 587, the legal relations of the city of Philadelphia and the board of public education have been clearly and authoritatively defined. It is there pointed out that the said board is not a creature of the city but an independent agency established by the state for the purpose of carrying out, in the first school district, the legislative will in all matters affecting the common or public schools. The officers of that board are in no sense the agents of the municipality, and consequently, as between them, there is no room for the application of the doctrine respondeat superior. Under the legislation on this subject, as interpreted by the courts, the city it is true takes the title to all real property designed for school purposes, but it holds such title only as a dry trustee. The erection of school buildings and the management and control of them after they are built are matters within the exclusive jurisdiction and control of the board of education.

By the very latest legislative enactment on this subject, to wit, the Act of April 22, 1905, P. L. 267, in force at the time of the commission of the alleged trespass, this doctrine is recognized and has received full legislative sanction. The act declares, inter alia, "The title to all property now held or that may hereafter be acquired for school or educational purposes in the said school district of the first class shall be vested in said city of the first

class; but all such property shall be under the exclusive care and control of the Board of Public Education."

It would serve no good purpose to lengthen this opinion by excerpts from the cases already referred to or to attempt to restate in our own language the reasons which so plainly led to the conclusions there reached by both of the appellate courts. It is sufficient to say that under the facts in evidence we are all of the opinion that this case is ruled by Board of Education v. Ransley, 209 Pa. 51 and Rosenblit v. Philadelphia, 28 Pa. Superior Ct. 587. The learned trial judge was therefore right in entering judgment for the defendant.

This view of the case renders it unnecessary that we should enter upon a discussion as to whether or not the city under its conveyance took title to the middle of the unopened avenue, or whether it acquired an easement to a right of passage along the side of said avenue from Fifty-eighth street to the entrance to the building. Nor are we able to reach the conclusion drawn from an argument ab inconvenienti urged on us by the able counsel for appellant, to wit, that the verdict in this case should be regarded partly as a decree in equity and partly as an award of viewers in a condemnation proceeding. It is not for us to determine in this common-law action whether or not the plaintiff has sustained any damages, and if he has what may be his legal remedy, when it clearly appears, as in our opinion it does, that he has shown no legal right to recover in this action against this defendant.

Judgment affirmed.